# WRIGHT INVESTMENT COMPANY v. FRISCOE REALTY COMPANY et al., Appellants.

### Division One, November 25, 1903.

1. **Promissory Note:** PURCHASE BEFORE MATURITY WITHOUT NOTICE. A note for $1,250 was executed by Hall, indorsed by Baker and Davis, and by them delivered to Hall to be by him discounted for his own benefit, with the expectation that the proceeds would be by him used in a real estate venture that he then had in contemplation. Hall did not have the note discounted, but being indebted to Dines in the sum of $250 delivered the note to him for the purpose of enabling him to raise that amount of money on it, and Dines, before maturity, sold the note for $800 to plaintiff, received the money, indorsed the note and delivered it to plaintiff. *Held,* that the plaintiff was entitled to recover the amount of the note against Hall, Baker and Davis, unless, at the time he bought the note, he had knowledge of the purpose for which it was delivered to Dines.

2. ———: ———: EVIDENCE OF NOTICE. The fact that the purchaser bought a $1,250 note for $800, and that he had reason to believe that one of the indorsers was solvent, did not charge the purchaser with knowledge of the fact that it was delivered by the maker, without the knowledge of the indorsers, to the seller to whom the maker was already indebted for the purpose of enabling the seller to raise money on it.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*C. C. Kidd* for appellants.

(1)  The court erred in excluding testimony offered by defendants to show that the note in suit was in possession of Dines on December 27, 1898, and that Trisler claimed to have bought it on December 24, 1898. Defendants desired to show that Dines was the actual possessor of the note in suit, and was (in conjunction with Trisler) trying to perpetrate a fraud on defendants.   Trisler testified that he bought the note on December 24, 1898.   (2)   Where a note is shown to have been fraudulently put into circulation, or to have been fraudulently obtained, it is not necessary for the makers or indorsers thereof to prove knowledge of the specific facts invalidating the paper in order to show actual notice, and thereby defeat its collection in the hands of an alleged bona fide purchaser.   Johnson v. McMurray, 72 Mo. 282; Whaley v. Neill, 44 Mo. App. 316.   (3) While actual notice to the holder, of the infirmity of the note, is necessary under the decisions of this State in order to defeat its collection, still, facts and circumstances which would put a prudent business man on inquiry are admissible in evidence as bearing on the good faith of the holder, and the law does not permit a person to willfully and deliberately close his eyes to keep from seeing that a note is tainted with fraud and to act as a bona fide purchaser in order to enforce its payment. Whaley v. Neil, supra.   (4)   Actual notice may be proved by circumstances, just the same as any other fact, and it was the duty of the court to give defendants' instruction number 3.   Its refusal was almost equivalent to an instruction for a verdict for plaintiff in the minds of the jury.   Drey v. Doyle, 99 Mo. 459; Mul-

drow v. Robison, 58 Mo. 331; Abbe v. Justus, 60 Mo. App. 300; Whaley v. Neil, supra; Brown v. Hoffelmeyer, 74 Mo. App. 385; Sammons v. O'Neil, 60 Mo. App. 530; Van Ralte v. Harrington, 101 Mo. 602. The instruction is not open to the objection that it singles out particular facts. Gordon v. Burris, 153 Mo. 223; State v. Hibler, 149 Mo. 478; Bank v. Pipkin, 66 Mo. App. 592. (5) To entitle plaintiff to recover, it was requisite that it acquire the note in the usual course of trade, and the fact that it derived it from the maker and not the payees, was either notice as a matter of law or a fact to be submitted to the jury under proper instructions. Instructions numbered 2 and 7, offered by defendants, should have been given. 4 Am. and Eng. Ency. Law (2 Ed.), p. 310; Tiedman on Bills and Notes, sec. 106, p. 216; Merritt v. Duncan, 7 Heisk. (Tenn.) 156, 19 Am. Rep. 612.

*William G. Schofield* for respondent.

(1) A party holding a negotiable note before maturity, is presumed to have authority to dispose of it, and in the absence of notice his indorsee will be protected. There must be actual notice. Mere suspicion will not do. Mayes v. Robinson, 93 Mo. 122; Fitzgerald v. Barker, 96 Mo. 663; Jennings v. Todd, 118 Mo. 304; Bank v. Schoen, 56 Mo. App. 161; Walters v. Tielkemeyer, 72 Mo. App. 371; Inv. Co. v. Vette, 142 Mo. 573. (2) The maker or owner of a note having clothed another with its apparent ownership can not be heard to complain if that other violates a contract between the original parties by disposing of it to a third party who has neither notice or knowledge of any infirmity in his title. Lee v. Turner, 89 Mo. 489; Allen v. Harris, 79 Mo. App. 495; Kuch v. Cornett, 79 Mo. App. 575; Whittemore v. O'Bear, 58 Mo. 286. (3) It has long been the law of this State that an accommodation indorser of paper is liable, even though the fact of such relation

was known to the purchaser. Miller v. Mellier, 59 Mo. 388; Maffat v. Greene, 149 Mo. 54; Faulkner v. Faulkner, 73 Mo. 338. (4) The instructions given on behalf of plaintiff and defendants fully and fairly covered the law of the case, and the verdict of the jury should not be disturbed. Hayden v. Parsons, 70 Mo. App. 499; Henry v. Railroad, 109 Mo. 488; Bray v. Kemp, 113 Mo. 552. (5) The instructions asked by defendants and refused by the court, were properly refused, because (a) they singled out particular facts; (b) were not founded on evidence adduced; and (c) were in such number as to justify their refusal even though they expressed the law correctly. Railroad v. Stock Yards, 120 Mo. 564; Myer Bros. D. Co. v. McMahon, 50 Mo. App. 23.

BRACE, P. J.—This is an action upon a promissory note. The petition, omitting caption and corporation averments, is as follows:

"That on or about the twenty-seventh day of October, 1898, said defendant, the Friscoe Realty Company, by description the Friscoe Realty Company, and defendant, John C. Hall, executed their certain negotiable promissory note, dated on said day, herewith filed marked 'Exhibit A' and made a part of this petition, whereby they promised to pay, ninety days after the date thereof, to the order of Joseph E. Baker and Sidney E. Davis, the sum of twelve hundred and fifty dollars for value received, negotiable and payable without defalcation or discount, with interest at the rate of eight per cent per annum from maturity, payable at No. 304 North Eighth street, St. Louis, Missouri; that thereafter, and before the maturity of said note, said Joseph E. Baker and Sidney E. Davis indorsed the same by writing their names across the back thereof, and delivered the same to defendant, W. C. Dines, for value; that thereafter and before maturity of said note, said defendant, W. C. Dines, indorsed said note and delivered the same to plaintiff, Wright Investment Company, for

value; that thereafter, and when said note became due and payable according to the tenor and effect thereof, plaintiff caused demand of payment to be made at 304 North Eighth street, St. Louis, Missouri, where said note was by its terms made payable, but that payment thereof was then and there refused, and thereupon plaintiff caused said note to be duly protested, and due notice of said demand and protest to be given to and served upon said Joseph E. Baker and Sidney E. Davis and W. C. Dines, the indorsers of said note. Plaintiff says that it is now the legal holder and owner of said note, and that no part thereof has ever been paid although often demanded. Wherefore, plaintiff prays judgment for said sum of twelve hundred and fifty dollars, the face of said note, for interest, damages and his costs in this behalf expended.''

The defendant Friscoe Realty Company, John C. Hall, Joseph E. Baker and Sidney E. Davis answered admitting the execution of the note sued on. That the indorsements thereon are genuine, that payment thereof was refused at maturity, that the same still remains due and unpaid and that said note was duly protested as alleged in plaintiff's petition, and for defense to plaintiffs action, in substance, plead: that said note is without consideration, was made for the accommodation of the defendants Friscoe Realty Company and John C. Hall, and was thereafter by them delivered to said Dines without consideration, and for the sole purpose of enabling him to borrow a small sum of money thereon, of all of which facts the plaintiff had notice, and that no consideration passed from said Dines to plaintiff for said note. Defendant Dines filed no answer.

The case was submitted to the jury upon the following instructions:

*For the plaintiff.*

''1. The court instructs the jury that if they believe from the evidence that plaintiff purchased the note in controversy for value, before maturity, they

must find their verdict for plaintiff, even though they may believe from the evidence that Dines had no right or authority to sell the note, unless they shall further believe from the evidence that at the time it purchased said note, plaintiff had notice or knowledge that Dines had no right or authority to sell the note.

"2. The court instructs the jury that even though they believe from the evidence that the note in controversy was given to Dines by Hall, for the sole purpose of using it as collateral in securing a loan for a smaller amount, yet if they also believe from the evidence that plaintiff purchased said note from Dines before its maturity for a valuable consideration, they must find their verdict for the plaintiff, unless they shall further believe from the evidence that at the time plaintiff purchased said note it had notice or knowledge of the circumstances and conditions under which Dines secured and held said note.

"3. The court instructs the jury that if they find their verdict for the plaintiff, they will assess its damages at the sum of twelve hundred and fifty dollars, with interest thereon at the rate of eight per cent per annum from the 30th day of January, 1899, until the date of the verdict, together with four per cent of twelve hundred and fifty dollars, the principal sum of said note, as damages in lieu of protest charge, and that they will compute the said interest and damages, add them to the principal of said note, and assess plaintiff's damages at the sum of said principal, interest and damages."

*For the defendant.*

"1. The court instructs the jury that if they find from the evidence that the note sued upon was transferred before maturity and for value, by W. C. Dines to plaintiff, and that at the time of said transfer of said note by the said W. C. Dines to plaintiff, the said W. C. Dines was not the owner of said note, or had no authority to transfer the title thereto to said plaintiff, or that the said note was obtained by the said W. C. Dines

from the said John C. Hall, for the purpose and with the understanding that the same was to be used by the said W. C. Dines as collateral to secure a loan of $250 or that after the said Dines secured possession of said note, and before any transfer thereof to plaintiff, it was understood and agreed between said Dines and the said Hall that the same was to be returned to the said Hall, and you further find that the said plaintiff had actual notice of said fact or facts, if shown, then you will find a verdict for defendants, Friscoe Realty Company, John C. Hall, Sidney E. Davis and Joseph E. Baker.''

And the court on its own motion instructed the jury ''that if three-fourths of their number concur in a result the jury may return that result as the verdict of the jury.''

Thereupon the jury returned a verdict for the plaintiff for the amount of the note, with interest and damages as instructed, in which nine of their number concurred. From the judgment thereon the defendant appealed, and as the constitutionality of the law authorizing such verdict was properly questioned in the court below, the appeal comes to this court.

The constitutionality of this jury law having heretofore been sustained in numerous cases, nothing more need be said on that subject.

We find no material error in the rulings of the court upon the admissibility of evidence.

In addition to the instruction given for the defendants, they asked for eight other instructions, which the court refused, and the refusal of these instructions is the principal error assigned for reversal. These instructions are not only numerous, but voluminous, repetitive and argumentative, and in the view we take of this case need not be set out, nor is any extended statement of the facts shown in evidence required for the purposes of this decision.

J. W. Trisler, president of, is practically The Wright Investment Company, doing business in its

name as a "bill broker;" and John C. Hall, president
of, is practically the Friscoe Realty Company, doing
business in its name as a "real estate broker," and for
the sake of brevity their personal names are used.  The
indisputable facts established by the evidence are, that
the note in suit was executed by Hall, indorsed by Baker
and Davis, and by them delivered to Hall to be by him
discounted for his own benefit, with the expectation that
the proceeds would be by him used in a real estate ven-
ture that he then had in contemplation. Hall did not have
the note discounted, but, being indebted to Dines in the
sum of two hundred and fifty dollars, delivered the note
to him for the purpose of enabling Dines to raise that
amount of money on it, and Dines, before maturity, sold
the note to Trisler for eight hundred dollars, received
the money, endorsed the note and delivered it to Trisler.
Upon these undisputed facts the plaintiff was unques-
tionably entitled to recover, unless Trisler at the time
he purchased the note had knowledge of the purpose for
which the note was delivered to Dines.  This was the
only issue of fact in the case on the evidence, and was
very clearly presented to the jury in the instructions
given.  The only effect the instructions asked for and
refused, could have had, would have been to obscure the
issue.  The other evidence tended to prove that Dines
had previously discounted notes for Hall; that Baker
and Davis had frequently indorsed notes for Hall,
which he had procured to be discounted; that a good
deal of this paper was afloat; that Trisler previously
had transactions with both Hall and Dines in the line
of his business which proved to be all right; that at
or about the time he purchased the note in question he
made inquiries as to the solvency of Davis and got a
good report as to him; that when Dines was offering the
note to him, Dines told him that he had to raise some
money for some children in the probate court; that he
had to have some money no matter what it would cost
and that John Hall was on his bond; that none of the

parties to the note ever disclosed to plaintiff or to any one else any of the facts or circumstances connected with the execution, indorsements or transfers thereof, or gave out any information upon the subject, except such as appeared upon the note itself, and the record will be searched in vain for any evidence tending to prove that Trisler had any knowledge whatever of anything in regard to the note, except such facts as appeared upon the note itself.

The mere fact that the note was for $1,250, that Trisler may have had reason to believe that Davis, one of the indorsers, was solvent and that Dines was willing to take and did take $800 for the note, could not in the very nature of things charge Trisler with such knowledge. But that he might thereby be so charged was the end sought to be accomplished by the defendants' refused instructions.

The court committed no error in refusing these instructions, and could not well have been convicted of error if it had given a peremptory instruction for a verdict for the plaintiffs on the pleadings and evidence. The law on this subject is too well settled in this State to require more than the citation of a few of the many cases.   [Hamilton v. Marks, 63 Mo. 167; Lee v. Turner, 89 Mo. 489; Mayes v. Robinson, 93 Mo. 114; Jennings v. Todd, 118 Mo. 296; Borgess Inv. Co. v. Vette, 142 Mo. 560; Leavitt v. Taylor, 163 Mo. 158.]

The judgment of the circuit court is affirmed.   All concur.