MRS. E. A. SAMPLE, APPELLANT, v. BANK OF POPULAR BLUFF, A CORPORATION, RESPONDENT.—207 S. W. (2d) 55.

In the Springfield Court of Appeals. December 30, 1947.

Rehearing Denied January 14, 1948.

W. A. *Brookshire,* Columbia, Missouri, Attorney for appellant.

1154

*Tedrick & Tedrick* and *Phillips & Phillips*, Poplar Bluff, Missouri, Attorneys for respondent.

1156

BLAIR, J.—The issues in this case are well defined by the pleadings. On August 10, 1945, plaintiff (appellant here) filed her petition and alleged that she had paid $500.00 to defendant (respondent here) on March 2, 1944, and $500.00 on April 6, 1944, and that defendant "agreed to return to the plaintiff said sums six weeks after date." .

The answer, filed August 25, 1945, admitted that defendant had received said sums at such times; but alleged that the original sum of $500.00 was paid to defendant by plaintiff for an option for thirty days on certain real estate (a hotel) in Poplar Bluff, Missouri, to purchase said hotel for the sum an price of $40,000.00, and that the second $500.00 was paid to defendant by plaintiff for an extension of time on such option for thirty days more; and that, if plaintiff paid said sum of $40,000.00, then said sum of $1000.00 was to apply on the purchase price of such hotel; and that if plaintiff failed to purchase said hotel for $40,000.00, defendant could retain said $1000.00.

Defendants further alleged that plaintiff afterwards informed defendants that she would not purchase said hotel and, thereupon, defendant became entitled to retain said $1000.00.

There are allegations concerning another and subsequent deal on the same hotel, which will be mentioned later in this opinion, but we do not think such later negotiations had a bearing on the $1000.00, except as they tended to show that plaintiff did not then expect said $1000.00 to be returned to her.

The reply of plaintiff denied specifically that she paid defendant the $1000.00 under the conditions alleged in defendant's answer, and claimed that it was agreed that she would but said hotel only on condition that she sold a farm for $30,000.00.

The cause was sent to Ripley County, Missouri, on change of venue, but was returned to Butler County on stipulation afterwards and it was continued.

The case came on for trial before the Judge of the Butler County Circuit Court, sitting as a jury. It was then agreed that plaintiff might put on her evidence first, with certain testimony to be heard at a later date. The testimony of defendant was offered on May 14, 1946.

At the close of all the testimony, plaintiff was given ten days to plead further, if she desired. The petition seems not to have been amended in any respect, and plaintiff evidently did not take advantage of such leave.

On August 13, 1946, the trial court made its finding of facts and entered judgment for defendant and dismissed plaintiff's petition.

1158

After an unsuccessful motion for new trial, plaintiff duly appealed to this Court.

We have painstakingly gone over the 218 pages of record or transcript on appeal in this case, in order to see if the trial judge, sitting as a jury, made any error in the trial of the case.

His rulings on veidence, if anything, were favorable to plaintiff. At least, plaintiff can have no complaint on that score, and makes none in her brief.

Plaintiff says that there was no option contract between herself and defendant on March 2, 1944, when the first $500.00 was paid, for the reason that there was no meeting of the minds of plaintiff and defendant's president and cashier, and because the money put up then and later "was for the purpose of showing the appellant's good faith and intention to buy the Hotel when and if her farm was sold for $30,000.00." And she cites, on this point, 13 C. J. 263 and 264; 66 C. J. 490 and 493; Levine v. Humphreys, 297 Mo. 555; Real Estate Co. v. Spellbrink, 211 Mo. 671; Huggins v. Safford, 67 M. A. 469, and Dezell v. Fidelity & Casualty Co. 176 Mo. 253, l. c. 265.

We have examined each of the authorities and cases cited. They hold that, in order to constitute a contract, there must be a mutual understanding of the facts entering into such contract and nothing can be left to conjecture. There is no dispute about such being the law, and those cases need not be noticed further.

But this was a case before the court, as the trier of the facts, and, in such case, the facts, as found by the trial court, where there is any evidence to support such findings, or reasonable deductions from the facts in evidence, are accepted by the appellate court as the facts in the case. Broderick v. Lucas' Ex'r, 182 S. W. 154; Idalia Realty & Development Co. v. Norman's Southeastern Ry. Co. 219 S. W. 923; Leavitt v. Taylor, 163 Mo. 158, 63 S. W. 385; Craig v. State of Missouri, 29 U. S. 410; 7 L. E. D. 903.

There was ample evidence to support such findings as to both sums of $500.00 paid to defendant. Plaintiff and her son Truman insisted that the $500.00 was put up as earnest money and not for an option, and that the second $500.00 was put up for the same purpose; but the trial judge did not so find.

On the other hand, defendant's testimony tended to show that the original $500.00 was put up by plaintiff for a thirty-day option on the Gibbons Hotel in Poplar Bluff, and that the second $500.00 was put up by plaintiff for an extension of time of thirty days more, for plaintiff to purchase said hotel for $40,000.00, and that defendant bank then took said hotel off of the market for the full time and did not try to sell it to anyone else during that period of time. Defendant concededly was in a position to give plaintiff a good and sufficient warranty deed, at any time.

The findings of the court are quite interesting and are here set out in full:

"The Court finds that plaintiff deposited with defendant the sum of five hundred dollars ($500.00) on two (2) occasions for the purpose of holding the Gibbons Hotel, owned by the defendant, off of the open market for two (2) periods of thirty (30) days each; that the further agreement was that the defendant would convey said hotel to the plaintiff by good warranty deed for the sum of forty thousand dollars ($40,000.00) with the sums deposited to be applied on the purchase when the deal was consummated.

"The Court further finds that one R. H. Purvis, mentioned in evidence, acted as an agent for the plaintiff in the sale of her farm mentioned in evidence and also acted in his individual capacity as a real estate dealer to sell the Gibbons Hotel; that said R. H. Purvis did not at any time act as the general agent of the defendant but to the contrary entered into the transaction between plaintiff and defendant for his own personal gain and profit as a real estate agent.

"The Court further finds that the defendant held the hotel property in question open for the plaintiff for a period of more than sixty (60) days and subsequently tried to *consummate* the agreement for the sale of said property to the plaintiff but that plaintiff failed or refused to close the purchase agreement or pay the balance due therefor; that by reason of the actions of the plaintiff, plaintiff has forfeited the five hundred dollars ($500.00) paid on one occasion and the five hundred dollars ($500.00) paid on a latter occasion."

As before stated, the findings of the trial court, sitting as a jury, when supported by the evidence or reasonable deductions therefrom, must be accepted as the facts in the case, and it must be admitted that there was ample evidence to justify the findings of the court.

After the proposed purchase of the hotel for $40,000.00 fell through, there is some evidence that plaintiff made a new deal to buy the same hotel for $37,500.00, thereby cutting out the agent's commission, and making some adjustment as to a new roof and the insurance, on the hotel building. The testimony further shows that she put up a $4,000.00 check on this new deal. This deal was not consummated either, for some reason, not now important. Plaintiff demanded, and got back from defendant, the $4,000.00 check. She said nothing at that time about the $1000.00 previously paid by her; and did not request at that time that such $1000.00 be returned to her. It does seem reasonable to us that, if plaintiff really felt that defendant owed her the $1000.00, she would have demanded its return, at that time, as that terminated all deals for the hotel.

Another thing, that appears to us as supporting the trial court's finding that defendant's story was true, was the giving of Exhibit 3, whereby Purvis bound himself *personally* to repay to plaintiff this $1000.00, in case he did not sell plaintiff's farm in Dent County, within

a specific time. In order that this may be better understood, we quote Exhibit 3:

"4/6/44

"Mrs. E. A. Sample having put up $1000.00 Earnest Money on purchase of Hotel Gibbons in Poplar Bluff, at $40,000.00 Finished (furnished) as of March 1st. I agree to repay Mrs. E. A. Sample $1000.00 in case I do not sell Mrs. E. A. Samples Farm in Dent County, Missouri for $30,000.00 i— (in) next six weeks.

Signed, R. H. Purvis
Witness T. A. Gardner"

Abington and Saracini of defendant bank, and Purvis testified that Purvis was not the agent of the bank, in signing said agreement, or at any other time. The testimony of such agency came from plaintiff and her son and depended almost entirely on alleged statements of Purvis, which were clearly inadmissible to establesh such agency. Declarations of agency are inadmissible, as against the principal, unless the alleged principal has done something or said something, which may properly be construed as an acknowledgment of such agency. 2 C. J. Section 692, page 935; State ex rel. v. Bland (Mo. Sup.) 194 S. W. (2d) 42; Beyer v. Bottling Co. 75 S. W. (2d) 642.

Evidently, the trial court did not believe the statements of agency testified to, as being made in the presence of Abington and Saracini, officers of defendant bank. The testimony of subsequent statements of Purvis was therefore clearly inadmissible to establish such agency.

All of plaintiff's authorities depend upon a finding that there was no meeting of the minds. We think the evidence ample to show this. However, let it be admitted that the law abhors forfeitures. But when the facts, establishing such forfeitures, are clearly shown, as in this case, such abhorrence can no longer prevail. 25 C. J. Section 53, page 1172.

The testimony of defendant, accepted by the trial court, as the trial court had the clear right to do, tended to show that plaintiff twice put up the sum of $500.00, to keep the bank from trying to sell the hotel to anyone else during such time. The failure of plaintiff to sell her farm kept her from going on with the hotel purchase. The evidence clearly shows that defendant bank was in no wise interested in the sale of the farm and was at all times ready, able and willing to convey the title to plaintiff, when she complied with her part of the contract.

There is another suggestion in defendant's brief that appeals to us strongly, that:

"Even if the $1000.00 paid to the defendant is taken and considered as 'earnest money' still the plaintiff would not be entitled to recover because she is the one who refused to go on with the contract for the testimony shows that the defendant was at all times ready, willing and able to perform its part of the agreement and would have done so had

not the plaintiff definitely advised defendant that she did not intend to purchase the property.''

Even if the $1000.00, paid by plaintiff, be considered as ''earnest money,'' instead of as an option, still plaintiff is not entitled to recover from defendant, because the evidence clearly shows that the failure of the consummation of the sale of the hotel was due to plaintiff, and not to defendant. Had the plaintiff, at any time within the specified time, paid for or arranged for the payment of, said hotel, defendant was ready, able and willing to go on with such sale, for the price mentioned.

Earnest money, where there is no agreement for its return, cannot be recovered where the fault is that of the purchaser and not that of the seller. There is not the slightest question, under this record, that the plaintiff was not ready, able and willing to go on with her alleged agreement with the bank, because of the failure on her part to realize sufficient money from the sale of her farm. The bank was ready, able and willing at all times to convey the property to plaintiff by good and sufficient warranty deed. She, therefore, is in no position to recover even ''earnest money.''

In Quigley, et al. v. King, 182 Mo. App. 196, 168 S. W. 285, Judge FARRINGTON, for this Court, said:

''The plaintiffs' petition in the first count states a cause of action for the recovery of money paid provided they could prove the facts there alleged—that they were ready, willing, and able to perform the contract at all times, but that the defendant refused to make a deed conveying good title to the land.''

In Doerner v. St. Louis Crematory & Mausoleum Co., 80 S. W. (2d) 721, BENNICK, Commissioner, speaking for the St. Louis Court of Appeals, said:

''Now it is at once apparent that an action by the purchaser to recover purchase money must proceed upon the theory of a rescission of the contract; and in this connection it is necessary to bear in mind the fundamental principle of law that a party to a contract, who is himself at fault in its performance, cannot maintain a suit for its rescission or the equivalent thereof.''

In Norris v. Letchworth, 152 S. W. 421, Judge JOHNSON, speaking for the Kansas City Court of Appeals, said:

''The rule is well settled, and springs from the most elemental principles of justice that a party to a contract himself at fault in its performance cannot maintain an action for its rescission.''

For the reasons given, we feel that the judgment of the trial court was fully justified, and must be affirmed. It is so ordered. *Fulbright, P. J.,* not sitting. *Vandeventer, J.,* concurs.