**Glenn KNOCH, Appellant,**

**v.**

**Lawrence FRYE and Jessie Frye, Respondents.**

**No. 23636.**

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1962.

On Motion for Rehearing or Transfer to Supreme Court Denied Jan. 29, 1963.

Richard R. Nacy, Jr., Jefferson City, for appellant.

Keyes, Bushman & Hearne, John L. Hearne, Jefferson City, for respondents.

DEW, Special Commissioner.

The plaintiff (appellant) sued respondent (defendant) Lawrence Frye and Jessie Frye, for services in the construction of a residence at Lake Ozark, Missouri. Prior to the trial Jessie Frye died and the cause proceeded as against defendant Lawrence Frye. The plaintiff's case was pleaded and tried on alternate theories of an oral contract (Count I) and on quantum meruit (Count II). The defendant filed an answer and counterclaim. A jury having been waived, the cause was tried to the court which upon the completion of the evidence found the issues on both counts of plaintiff's petition in favor of the defendant; found the issues on defendant's counterclaim in favor of the plaintiff, and entered judgment generally to that effect. The issues in the counterclaim are not involved in this appeal since defendant filed no motion for new trial nor any appeal therefrom, nor has plaintiff, in whose favor the ruling on the counterclaim was made, filed any appeal from that part of the court's judgment. This appeal by the plaintiff is from the adverse finding and judgment of the court on his petition, and he has assigned as the sole point relied on that the court erred in holding that he could not recover on quantum

meruit; that the evidence established every essential element of a case made for plaintiff in quantum meruit.

The plaintiff limits his contention on this appeal to the disposition of his Count II, seeking recovery under the theory of quantum meruit. Under that count his petition recites that in June, 1952, he and defendant (and Jessie Frye, since deceased) entered into an oral contract whereby he agreed to build for the defendant a residence in Miller County, Missouri, according to plans and specifications furnished by defendant and under the following conditions, namely, that the plaintiff would furnish all equipment and tools necessary for use on the job; would purchase all materials to be used and would be reimbursed for same by the defendant, except such as supplied by defendant; plaintiff to hire and fire all necessary workmen for the job; the plaintiff to allow to defendant all discounts received by him on purchases; the defendant to pay plaintiff $2.50 per hour for his own time and labor while working as a laborer on the construction (not to include his time spent in purchasing materials); all purchases of materials to be billed to defendant; all payment of wages to workmen by the plaintiff to be reimbursed by the defendant; and, upon completion of the house, the defendant to pay plaintiff a fee of 7 percent of the total cost of the building.

It was further alleged in Count II of plaintiff's petition that the plaintiff made several trips to outlying towns and cities to purchase materials for the house; that he was paid only for his actual labor performed on the building but nothing for his other services; that the reasonable value of his work and labor beyond that which defendant paid him is $1,000; that the reasonable value of the use of his tools is $500; that defendant, on demand, has failed and refused to pay the aforesaid items. Judgment was prayed for $1500 and costs.

The answer of the defendant Lawrence Frye to plaintiff's petition was a general denial except an admission that plaintiff at all times mentioned was in the business of a general contractor in Miller County, Missouri. For further answer, defendant filed a counterclaim, wherein he admitted that on June 10, 1952, plaintiff entered into an oral contract with defendant whereby plaintiff and others to be hired by him, were to construct a house for defendant at Lake Ozark, Missouri, according to plans and specifications to be supplied by defendant; that plaintiff and the men hired by him were to be paid prevailing wage rates for work on the building, for which defendant would furnish the funds; that plaintiff was to purchase materials for the construction; that defendant would also pay plaintiff 7 percent of the payroll for labor performed on the house to be applied by plaintiff in the payment of workmen's compensation insurance and social security for the men who worked on the job; that plaintiff was to receive for himself only wages to cover actual work performed by him on the construction, including supervising the work of persons employed by him.

Defendant's counterclaim states that upon plaintiff's representation that the construction was completed as agreed, he has paid plaintiff all that was due him according to the agreement but that plaintiff failed to perform his part of the contract in good and workmanlike manner; that many defects (itemized) were left in the construction, the result of which is that it will cost about $6,000 to rectify such defects and to put the building in the state and condition required by the plans and specifications. Judgment of $6,000 was asked in the counterclaim.

It was stipulated at the trial that the total cost of the house was $24,500. Plaintiff's evidence in effect was that the oral contract was entered into between the parties at defendant's house in July, 1952; that plaintiff's father and defendant's wife were the only witnesses present, both of whom died before trial of this case, and the deposition of neither had been taken; that because defendant intended to furnish some of the materials already on hand for

the job, and because blue prints were not yet available, it was decided that plaintiff should proceed on a "footing plan" which provided the size of the house, and to construct the building on a cost-plus basis; that defendant agreed to pay plaintiff $2.50 per hour for his own labor on the job and 7 percent of the total cost of the house as a contractor's fee out of which plaintiff was to pay for workmen's compensation insurance and social security for the men engaged by him, and to make and to keep proper book records for such purposes. Plaintiff testified further that he agreed to furnish all necessary tools and equipment and to hire and fire other workmen as needed; that he would examine the plans and specifications, would purchase the necessary materials, and would generally supervise the construction. He said wages paid by him to workmen were to be reimbursed by the plaintiff, and defendant was to receive all discounts received by plaintiff for the materials purchased.

Plaintiff's evidence tended to prove that he performed all of the terms of the agreement described, and after many delays for various causes, the job was completed in March, 1953; that the only compensation received by him was $1257.50 as wages for his actual labor on the construction; that defendant still owes him $148 for such labor; that defendant has refused, on demand, to pay any part of the agreed 7 percent of the total cost of the building for plaintiff's agreed contractor's fee. Plaintiff contends that under the evidence he is entitled to recover in quantum meruit the reasonable value of such services, not to exceed the contract price.

The defendant's testimony was that he did not hire plaintiff as a general contractor; that he entered into an oral agreement with plaintiff "concerning the construction" of the house; that it was agreed that plaintiff would start digging the footings for the house and would engage other workmen, to be paid wages by the defendant at an hourly rate; that the matter of providing for workmen's compensation and social security was discussed, and plaintiff volunteered to use his books already set up for such matters on other jobs and to attend to the same, for which purposes it was agreed for defendant to pay plaintiff 7 percent of the labor payroll, in addition to his agreed wages for his labor on the building; that defendant never agreed to pay plaintiff a fee as a general contractor on the job in addition to his wages for actual labor on the house; that defendant has paid all labor and material bills presented to him by the plaintiff; that he already had purchased and had on hand all of the rock required for the house, most of the plumbing, sewer tile, galvanized pipe, kitchen and bathroom fixtures and the furnace; that plaintiff and his men did all of the construction except the painting, and did procure the necessary tools, men and materials (except such materials as were supplied by defendant).

It is apparent that the decisive issue in this case is one of fact, namely, did or did not the parties orally agree that, in addition to the hourly wage to be paid plaintiff for actual labor performed by him on the house, the defendant would pay to plaintiff a contractor's fee of 7 percent of the total cost of the building. Plaintiff's evidence tends to prove that such was the agreement. Defendant's evidence is that such was not the agreement, but that he did agree to pay plaintiff, in addition to his wages, 7 percent of the labor payroll for procuring workmen's compensation insurance and social security for the workmen and for keeping the records thereof, and that he did pay the same to plaintiff on the weekly statements of wages accrued.

■ As stated, this is a suit tried upon the facts without a jury. As such it is governed by Section 510.310 RSMo 1959, V.A.M.S., and Rule 73.01, V.A.M.R., which, so far as concerns this case, are identical. Under the statute and rule "[a]ll fact issues upon which no specific findings are made shall be deemed found in accordance with the result reached; the appellate court shall review the case upon both the law and

the evidence as suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Such is the recognized rule of law of our procedure. Day v. Blackbird, Mo., 331 S. W.2d 658; Townsend v. Lawrence, Mo. App., 267 S.W.2d 489; Logan-Moore Lumber Co. v. Maddi, Mo.App., 325 S.W.2d 72; Sample v. Bank of Poplar Bluff, 239 Mo.App. 1152, 207 S.W.2d 55.

■ The record herein does not justify a ruling on appeal that the judgment of the trial court was clearly erroneous and under the statute and rules cited the judgment should be affirmed. The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion of DEW, Special Commissioner, is adopted as the opinion of the Court. The judgment is affirmed.

All concur.

ON MOTION FOR REHEARING OR TO TRANSFER CASE

PER CURIAM.

Appellant's motion for a rehearing or to transfer the case to the Supreme Court assigns as his sole ground therefor that the one point raised on appeal was not determined by this court's opinion. He correctly points out that the single point submitted on appeal is "that the court erred in finding appellant not entitled to recover anything on a quantum meruit basis". He asserts that the question whether or not appellant proved a contract was eliminated by him in this appeal and is not an issue therein.

■ The sole point relied on, above quoted, was liberally accepted by this court, as complying with Rule 83.05(e) and it was considered tantamount to a contention that the evidence was insufficient to support the judgment of the trial court. Because the case was tried without a jury, such point could be considered on appeal whether or not raised in the trial court. Section 510.-310(4) RSMo 1959, V.A.M.S. Rule 73.01 (d).

■ It was appellant's burden to prove the reasonable value of his alleged additional services as a contractor on the job. In "a suit on quantum meruit a failure to prove reasonable value of the services is fatal to recovery." Hutchinson v. Swope, Mo.App., 256 S.W. 134, 135. There was no evidence of the reasonable value of such alleged additional services as a contractor except an oral contract pleaded by the appellant and testified to by him, whereby, according to his testimony, the respondent agreed to pay the appellant, in addition to his wages, 7 percent of the total cost of the building as a contractor's fee. Such evidence of such a contract thereupon became prima facie evidence, and the only evidence, of the reasonable value of such alleged services as respondent's contractor, not to exceed the contract price. Oliver L. Taetz, Inc. v. Groff, 363 Mo. 825, 253 S.W.2d 824, 825.

■ Respondent, the only other witness to the employment agreement, definitely denied making any contract to pay appellant 7 percent of the total cost of the building or any other sum as additional compensation to appellant for alleged services as a contractor. If such contract was not so made, then the vital element of appellant's count on quantum meruit for services as contractor namely, the reasonable value thereof, has not been established, Taetz v. Groff, supra. Hence the decisive issue on this appeal, as stated in the opinion, is one of fact as to whether the parties entered into the agreement as pleaded and testified to by the appellant respecting such services. As to the credibility of the appellant and respondent regarding their conflicting testimony on such fact issue, the opinion defers to the trial court.

The contention of the appellant that the sole issue raised by the appeal was never determined, is without merit. The motion should be overruled. It is so ordered.