# PERIODICAL PRESS COMPANY v. SHERMAN-ELLIOTT COMPANY.[1]

July 25, 1919.

No. 21,298.

**Breach of printing contract — measure of damages — questions for jury.**

Action for breach of printing contract. One hundred thousand copies were ordered. Five thousand had been delivered when defendant repudiated the contract. Defense was lack of authority of agent of defendant to give the written order. The complaint claimed as damages (1) the amount expended in carrying out the contract up to the time it was repudiated; (2) the net profit on the job. Verdict for $1,000. *Held*:

(1) Whether the agent had such authority and whether there had been ratification of his acts, were proper questions for the jury.

[2]Reported in 174 N. W. 516.

(2) If in one respect there was an inadvertent misstatement of the evidence in the charge to the jury, it should have been called to the attention of the trial judge at the time.

(3) The charge to the jury was prejudicial to defendant. The loss on the 5,000 copies furnished was $400. Recovery cannot be allowed on the actual cost of the part performed and also on the net profits of the unperformed part. [Reporter.]

Action in the district court for Hennepin county to recover $3,881.80 for breach of contract. The answer alleged that on or about April 3, 1917, plaintiff attempted to deliver to defendant a quantity of booklets but that it refused to receive any of said booklets or any part thereof. The case was tried before Hale, J., who when plaintiff rested denied defendant's motion to dismiss the action, and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Remanded for retrial of the issue of amount of damages.

*Edward Nelson* and *A. T. Larson*, for appellant.
*Brady, Robertson & Bonner*, for respondent.

PER CURIAM.

Action to recover damages for breach of a contract, under which plaintiff was to print and furnish 100,000 souvenir booklets for defendant. Plaintiff alleged that it furnished and delivered 5,000 and that defendant then repudiated the contract. Plaintiff had a verdict for $1,000 damages and defendant appeals from the order denying a new trial.

The contract was a written order signed by an alleged agent for defendant. Lack of authority to give the order was the chief defense, and the bulk of the evidence is directed thereto. We are agreed that the record made this a proper question for the jury, as well as the one whether in the absence of direct authorization there had been ratification of the acts of the agent in the premises. On this branch of the case the court's charge is very full and clear. An isolated statement in the charge to the effect that it was admitted that Brehany was the general manager of defendant is taken exception to. If this were a misstatement of the evidence, it was an inadvertence which should have been called to the court's attention at the time. It was allowed to pass unchallenged. It could not have been deemed of much importance then to appellant's counsel, and rightly so we think.

There was no prejudicial error in the rulings on the reception of evidence. The complaint claimed as damages: (1) The amount that had been ex-

pended in carrying out the contract up to the time it was repudiated; and (2) the net profit upon the job. And on the question of damages the court charged: "If the plaintiff is entitled to recover anything, it is entitled to recover the fair and reasonable cost of printing the 5,000 booklets (I think it was 5,000). * * * In addition to that it is entitled to recover, as its profits you might say, what it could have recovered if it had carried out the contract. If it had been permitted to carry out the contract, it would have been entitled to recover as profits the difference between what it would have cost it to have printed the balance of these booklets (95,000, I think), and not to exceed the price fixed in the contract; in other words, the difference between the price fixed in the contract and what it would cost it to have carried it out."

Exception was taken to the charge upon the measure of damages and is assigned as error here. The majority of the court are of opinion that the charge as concretely applied in the quoted part is prejudicial to defendant. The evidence clearly shows that it cost plaintiff very much more than the contract price to furnish 5,000 booklets delivered, and the court's instructions are that this cost would be recovered, plus the net profits upon the 95,000 not furnished. This is wrong. It is true that where a contract is repudiated after one of the parties has been to an expense in part performance or in preparing for performance, such expense can be recovered, also the net profits, if any are proven. United States v. Behan, 110 U. S. 338, 4 Sup. Ct. 81, 28 L. ed. 168; Swanson v. Andrus, 83 Minn. 505, 86 N. W. 465. But care must be used to make clear to the jury that, in determining the profits for which a recovery is to be allowed, the expenditures made must be added to the further expenditures that would have been necessary in order to have fully completed the whole contract, and that unless the sum total be less than the contract price damages for profits are eliminated. From the instruction the jury were given to understand that in figuring profits they need only consider the cost of producing the 95,000 not furnished. But, manifestly, the loss in producing the first 5,000, which was more than $400, should enter into and affect the profits on the balance of the contract. A recovery cannot be allowed for the part performed of a repudiated contract at actual cost and also, at the same time, for the net profits of the unperformed part.

There is no need of again trying the issues in the case other than the one of damages. The order of the court below is reversed insofar only as it approved the damages awarded by the verdict; and the cause is remanded for retrial of the issue of the amount of the damages to which plaintiff is entitled.

To the extent indicated a new trial is granted.