### DAVEY *v.* SANDERS.

1. CONTRACTS—ORAL CONTRACT—WEIGHT OF EVIDENCE.

   In action for breach of oral contract to prepare plans and speci-
   fications and erect building, finding that contract as claimed
   by plaintiff was made, *held*, not against great weight of evi-
   dence.

2. DAMAGES—TRIAL—INSTRUCTION—REQUEST TO CHARGE.

   Defendant's requested instruction, in action for breach of oral
   contract, that, if jury found contract to prepare plans and
   specifications and erect building was made, as claimed by
   plaintiff, verdict must be for nominal damages only, was
   properly refused, where there was evidence that value of plain-
   tiff's services in preparing plans and specifications and his
   expenses in connection therewith amounted to substantial sum.

3. SAME—EXCESSIVE VERDICT—ARCHITECTS.

   Where, in action by architect for breach of contract to prepare
   plans and specifications and erect building for certain price,
   he would have been entitled to recover for value of services
   already performed and also for prospective profits, verdict
   for value of services alone cannot be said to be excessive.

Error to Wayne; Collins (Joseph H.), J., presid-
ing. Submitted October 30, 1930. (Docket No. 119,
Calendar No. 35,141.) Decided January 7, 1931.

Assumpsit by Frank P. Davey against James C.
Sanders for breach of contract. Judgment for
plaintiff. Defendant brings error. Affirmed.

*Wm. Henry Gallagher* (*John Panchuk,* of coun-
sel), for plaintiff.

*Robert M. Brownson* and *Kenneth Murray,* for
defendant.

SHARPE, J. It is plaintiff's claim that he and defendant entered into an oral contract whereby he agreed to prepare plans and specifications for and to erect a six-story building for defendant in Detroit for the sum of $204,720; that he prepared the plans and specifications, and they were approved by defendant, but that defendant thereafter unlawfully refused to permit him to further perform. He claimed damages in the sum of $31,972. Defendant pleaded the general issue, with a verified notice attached, denying the execution of the alleged contract.

The plaintiff had verdict for $7,370. On defendant's motion for a new trial, the court required plaintiff to remit the excess of $6,141.60, which he did, and judgment was entered for that amount. Defendant seeks review by writ of error.

The jury found that the contract as claimed by plaintiff was made. We cannot say that this finding was against the great weight of the evidence. The court declined to charge, as requested by defendant, that, if they so found, their verdict must be for nominal damages only. The plaintiff testified that the value of his services and those in his employ in the preparation of the plans and specifications, making arrangements for the removal of the building then on the lot, obtaining estimates of the cost of materials, and the advice he gave the defendant relative thereto, was the sum of $6,000. From his cross-examination it appeared that the usual fee charged by architects is three per cent. of the cost of the building. It is apparent that the $6,000 item and the interest thereon was that allowed by the jury to the plaintiff. As a condition precedent to the denial of a new trial, the court required plaintiff to remit all in excess of the three per cent., which he

did. It is apparent that nothing was allowed for loss of profits.

In *United States* v. *Behan,* 110 U. S. 338 (4 Sup. Ct. 81), it appeared that a contract was let for the improvement of a harbor, and, while the work was in progress, it was ordered stopped. The contractor claimed damages for the value of the work done and his prospective profits. The court said:

"The *prima facie* measure of damages for the breach of a contract is the amount of the loss which the injured party has sustained thereby. If the breach consists in preventing the performance of the contract, without the fault of the other party, who is willing to perform it, the loss of the latter will consist of two distinct items or grounds of damage, namely: first, what he has already expended towards performance (less the value of materials on hand); secondly, the profits that he would realize by performing the whole contract."

In *Periodical Press Co.* v. *Sherman-Elliott Co.,* 143 Minn. 489 (174 N. W. 516, syllabus), the rule is thus stated:

"Where a contract is repudiated after one of the parties has been to an expense in part performance or in preparing for performance such expense can be recovered, also the net profits, if any are proven."

See, also, *American Can Co.* v. *Garnett* (C. C. A.), 279 Fed. 722; *Kansas City Structural Steel Co.* v. *Athletic Bldg. Ass'n,* 297 Mo. 615 (249 S. W. 922).

Counsel for defendant, however, insist that what plaintiff has expended towards performance would not include "what an architect would charge for the work" of preparing the plans and specifications. The plaintiff, on direct examination, testified that

$6,000 was "the fair value of the services actually performed." Reference to an architect's charges for such services was brought out on cross-examination. The plaintiff had been a student in engineering at the University of Michigan. He had performed services as a construction engineer for the United States government in the Philippine Islands. He had constructed several large hotels and apartment buildings in Detroit and elsewhere. It cannot well be said on this record that the sum awarded him was against the great weight of the evidence.

The judgment is affirmed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.