## KANSAS CITY STRUCTURAL STEEL COMPANY v. ATHLETIC BUILDING ASSOCIATION et al.; FLOUR CITY ORNAMENTAL IRON COMPANY and SWENSON CONSTRUCTION COMPANY, Appellants.

**In Banc, April 2, 1923.**

1. **MATERIALMAN'S LIEN: Recovery in Suit on Contract and in Quantum Meruit: Profits.** If the defaults of the owner, or of one who stands in his place, prevent the completion of a building contract, the contractor may sue upon the contract and c'aim damages for its breach, or he may sue in *quantum meruit*, for the reasonable value of the work done and materials furnished. But he cannot recover on both theories; by suing in *quantum meruit* he waives his right to an action for damages. If he elects to sue upon the contract, the measure of his reasonable damages will include what he has actually expended toward performance and the profits he would have realized by performing the whole contract; if he chooses to sue in *quantum meruit* his recovery will be limited to the reasonable value of the labor and materials furnished.

2. ————: ————: **Determined by Pleading: Measure of Recovery: Profits.** Although the pleading of the sub-contractor alleges that the contractor entered into a contract with him, yet if the terms of the contract are not pleaded and no breach is alleged, and it can only reasonably be construed as stating an action in *quantum meruit*, the action cannot be held to be one based on the contract, but to state one in *quantum meruit*, and the reasonable value of the work performed and of the materials furnished, together with interest, is the measure of his recovery, and he cannot recover the profits he would have made had the contract been fully performed.

Appeal from Jackson Circuit Court.—*Hon. Samuel A. Dew*, Judge.

REVERSED (*with directions*).

*H. E. Colvin* and *Clyde Taylor* for Swenson Construction Company, Appellant.

(1) The Iron Company cannot recover any sum for loss of profit because (a) its pleading does not allege any such cause of action therefor and is inconsistent there-

with, and (b) all the evidence showed there was no such loss. The lower court erred in rendering judgment therefor and did not err in setting the same aside. It likewise erred in receiving evidence upon that subject. Merrill v. Trust Co., 46 Mo. App. 235; State to use v. Samuels, 28 Mo. App. 649; Emmert v. Meyer, 65 Mo. App. 609; Pomeroy v. Fullerton, 113 Mo. 440; Hanks v. Hanks, 218 Mo. 670, 678; Henry County v. Bank, 208 Mo. 209, 225; Aston v. Transit Co., 105 Mo. App. 231; Weil v. Postern, 77 Mo. 287; Compton v. Railroad, 147 Mo. App. 414, 420; Cosgrove v. Leonard, 175 Mo. 100; Marr v. Zeidler, 145 Mo. App. 199; Waldhier v. Railroad Co., 71 Mo. 514; Cole v. Armour, 154 Mo. App. 555; Roaring Fork Potato Growers v. Clemons Produce Co., 193 Mo. App. 653. The petition alleging performance, no recovery can be had on the theory of excuse for performance, nor waiver thereof. Roaring Fork Potato Growers v. Clemons Co., 193 Mo. App. 658; Lantiz v. King, 93 Mo. 513; Mohney v. Rees, 40 Mo. App. 99; 9 C. J. 765; Johnson Forge Co. v. Leonard, 94 A. S. R. 86, 57 L. R. A. 225; 6 R. C. L. 931.

*Davis & Woodruff* for Flour City Ornamental Iron Company, appellant.

(1) The expenses incurred preparatory to the materials purchased or provided for, and the work and labor done, in the performance of this contract, were properly included in the account of the Flour City Ornamental Iron Company. 9 C. J. 822; 17 C. J. 855; Bradley Htg. Co. v. Sayman Realty & Inv. Co., 201 S. W. 864; Johnston v. Star Bucket Pump Co., 202 S. W. 1143; Knotts v. Clark Construction Co., 249 Fed. 181; P. J. Carlin Const. Co. v. Guerini Stone Co., 241 Fed. 545; United States v. U. S. F. & G. Co., 236 U. S. 512; City of Philadelphia v. Tripple, 230 Pa. 480. (2) The item "profit under contract" included in the account sued upon herein was not objectionable as being insufficiently itemized, in view of the fact that Swenson Con-

struction Company filed a reply thereto, and proceeded to trial without moving to have this item stated with greater particularity. Meyer v. Chambers, 68 Mo. 626; Harford v. Boyes, 56 Mo. App. 139; Grefeller v. Graefemann, 64 Mo. App. 162; Commission Company v. Block, 130 Mo. 668; Whitewater Mercantile Co. v. Devore, 130 Mo. App. 339; Garnett & Allen Paper Co. v. Publishing Co., 156 Mo. App. 187; Schneider v. Johnson, 164 Mo. App. 639; Merkle v. Powe, 165 Mo. App. 402. (3) The profit which the Flour City Ornamental Iron Company would have made had it been permitted to complete its contract, constituted one item or element of the damage by it sustained, when, without fault on its part, it was prevented from completing its contract, and this item was properly included in the account. 9 C. J. 822, sec. 159; 17 C. J. 855, sec. 172; Bradley Htg. Co. v. Sayman Realty & Inv. Co., 201 S. W. 864; Johnston v. Star Bucket Pump Co., 274 Mo. 514; United States v. Behan, 110 U. S. 338; Edward De V. Tompkins v. City of Bridgeport, 94 Conn. 659; Edward De V. Tompkins, Inc. v. City of Bridgeport, 94 Conn. 687; McGrew v. Inc. Co., 106 Kan. 348; Chase v. Smith, 35 Wash. 631; Bradley v. Realty Co., 42 Nev. 411; McConnell v. Corona City Water Co., 149 Cal. 60, 8 L. R. A. (N. S.) 1171; 1 C. J. 649, sec. 147; Nedvideck v. Meyer, 46 Mo. 600. (4) The allegations in the cross-petition of the Flour City Ornamental Iron Company considered in connection with the statement of account thereto attached, and the evidence introduced in support thereof, are sufficient to warrant and support a recovery for the item of lost profit. Secs. 1257, 1272, R. S. 1919; Olive Street Bank v. Phillips, 179 Mo. App. 478; Thomas v. Bambrick Bros. Const. Co., 189 Mo. App. 623; Mekas v. Fricke, 159 Mo. App. 631; Frederick v. Bruckner, 124 Mo. App. 31; Oil Well Supply Co. v. Wolfe, 127 Mo. 616; Davis v. Watson, 89 Mo. App. 15.

RAGLAND, J.—The Swenson Construction Company, hereinafter called the Construction Company and the Flour City Ornamental Iron Company, which

will be referred to as the Iron Company, are co-defendants in a proceeding under the statute to establish and enforce numerous mechanics' and materialmen's liens against a certain parcel of land in Kansas City and the improvements thereon. With respect to their relation to each other and to the making of the improvements which gives rise to the lien claims sought to be established, the Construction Company and the Iron Company are original contractor and sub-contractor respectively. This appeal has to do solely with questions growing out of the trial of the issues between them.

The cross-petition of the Iron Company, in so far as it stated a cause of action upon which a personal judgment only could be rendered, was as follows:

·"That thereafter defendant Swenson Construction Company entered into a contract with this defendant, the Flour City Ornamental Iron Company, whereby it engaged and employed this defendant to manufacture and furnish a large amount of ornamental iron and bronze and other building materials and supplies for and to be used and employed in the erection and construction of said business and club building upon the real estate above described, and to do and perform the necessary work and labor of forming and fabricating said iron and bronze into condition for use in such building; that said contract between Swenson Construction Company and this defendant was made on or about the 29th day of September, 1919, and that thereafter and pursuant to said contract, this defendant sold, manufactured and furnished a large amount of building materials and supplies, and did and performed the work and labor of forming and fabricating said materials and supplies to and for said Swenson Construction Company, all of which said building and material and supplies were sold, manufactured and furnished upon the faith and credit of the real estate above described, and of the club and business building being erected thereon, and at the special instance and request of said Swenson Construction Company; that said building materials and supplies were of the kinds and quali-

ties contracted for and specified by said Swenson Construction Company, and were formed and fabricated in accordance with the directions of said Swenson Construction Company. A statement of account showing the items of said building materials and supplies, together with the prices and amounts charged therefor, and the amount due on said account, is hereto attached, marked 'Exhibit A,' and filed herewith, and by this reference thereto is incorporated in and made a part of this petition.

"Defendant, the Flour City Ornamental Iron Company, states that said building materials and supplies, and the work and labor of forming and fabricating the same, were, when sold, manufactured and furnished, and now are, reasonably worth the amounts set opposite the respective items thereof on the attached statement of account, and that all of said building material and supplies, and the work and labor of forming and fabricating the same, were, when sold, manufactured, and furnished, and now are, reasonably worth the total sum of $15,977.45, which sum said Swenson Construction Company promised and agreed to pay this defendant therefor, and which sum is now justly due and owing to this defendant for said building materials and supplies sold, manufactured and furnished as aforesaid."

The prayer was for judgment against the Construction Company in the sum of $15,977.45 and a lien for that amount against the real estate, improvements, etc.

The last item of the statement of account referred to in the pleading as "Exhibit A" was: "Profit under contract, $10,280."

The answer of the Construction Company specifically denied all the allegations of the cross-petition above set out except those relating to the making of a contract pursuant to which the Iron Company claimed to have sold, manufactured and furnished building material and performed labor.

The proposed improvement with reference to which the Construction Company and the Iron Company were

contractor and sub-contractor respectively was a nine-teen-story building to be erected at the corner of Eleventh Street and Baltimore Avenue. Work on the building began in the spring or early summer of 1919, and continued until about March, 1920, when it ceased, owing to financial embarrassment of the owners. Shortly there-after those who had furnished either labor or material for the construction began filing claims for liens. The contract between the Construction Company and the Iron Company provided that the latter should provide and pay for all material and perform and pay for all the work for furnishing and erecting all items of every description set forth in certain specifications under the headings, "'Ornamental Iron and Bronze Work" and "Miscellaneous Steel & Iron Work," for which it was to receive the lump sum of $51,775. When work on the building was suspended the Iron Company, through the Kansas City Structural Steel Company, had furnished and placed in the structure certain materials, the reasonable value of which was $511.92, and that was all that it ever did or ever offered to do by way of performance of the contract. However, it had expended considerable sums of money in preparing to perform; it had had made drawings, blue prints and patterns which were necessary for the fabrication of the ornamental steel and bronze work which it was to manufacture and install; and it had bought in the open market the requisite stock of metal for making such ornaments and which on account of having been cut up into lengths suitable for the purpose then in hand had become valueless for any other. And there was evidence tending to show that had the Iron Company been permitted to carry out the contract and been paid the contract price it would have realized a profit of $10,280.

The issues were tried to the court. The evidence touching the expenditures and outlay of the Iron Company in preparing to perform the contract and the profit it would have made had it performed was strenuously objected to by the Construction Company at the time it was

offered, on the ground that such evidence was not relevant to any issue made by the pleadings. The ruling was reserved, and the evidence received subject to the objection; no express ruling was subsequently made with respect to its admissibility, however. The court first found all the issues for the Iron Company, and gave judgment for the full amount it asked, less some minor deductions; later during the same term the court of its own motion disallowed the item of $10,280 for profits and modified the judgment accordingly. From such judgment both parties have appealed.

I. If the defaults of the owner or of one who stands in his place prevent the completion of a building contract, the contractor may sue upon the contract and claim damages for its breach, or he may sue in *quantum meruit* for the reasonable value of the work and materials furnished. He cannot, however, recover on both theories; by suing in *quantum meruit* he waives his right to an action for damages. [McCullough v. Baker, 47 Mo. 401, 402, 403; Ehrlich v. Life Ins. Co., 88 Mo. 249, 257.] If he elects to sue upon the contract, the measure of his recoverable damages will include what he has actually expended toward performance and the profits he would have realized by performing the whole contract (United States v. Behan, 110 U. S. 338); if, however, he chooses to sue in *quantum meruit,* his recovery will be limited to the reasonable value of the labor and material furnished. [Bradley Heating Co. v. Sayman Realty & Inv. Co., 201 S. W. 864, 868.]

As disclosed by its pleading the cross-action of the Iron Company is not a suit upon the contract. It is true that it is alleged that the Construction Company entered into a contract with the Iron Company, but the terms of the contract are not set out, nor is any breach alleged. The petition is plainly one in *quantum meruit* and no refinement or subtlety of exposition can make anything else out of it. The Iron Company cannot therefore recover damages as for a breach of contract; it cannot sue upon one cause of action and recover upon another. Accord-

ing to its own proof all the work and material that it furnished were furnished at its request by the Kansas City Structural Steel Company. The reasonable value of that work and material, namely, $511.92, together with interest, is the measure of the Iron Company's recovery in this action.

The general decree rendered in the cause to the extent that it is an adjudication of the issues tendered by the Iron Company's cross-petition (and to that extent only) is reversed, and the trial court is directed to re-enter the decree so modified that as to such issues it will conform to the rulings herein made. The costs of both appeals are taxed against the defendant Iron Company. All concur.