Lou CAVIC, Plaintiff-Respondent,

v.

MISSOURI RESEARCH LABORATORIES, INC., a Corporation, Defendant-Appellant.

No. 32591.

St. Louis Court of Appeals.

Missouri.

May 16, 1967.

Sidel & Sandweiss, Jerome I. Kaskowitz, St. Louis, for defendant-appellant.

Shaw, Hanks & Bornschein, Charles M. Shaw, Claude Hanks, Clayton, for plaintiff-respondent.

WOLFE, Judge.

This is an action in quantum meruit brought by the plaintiff for the sum of $6,-454.46 claimed to be due him from the defendant as commissions on orders obtained for the defendant company. There was a verdict and judgment for the plaintiff and the defendant prosecutes this appeal.

The petition alleges that plaintiff was employed by the defendant company as a sales representative and that it was his duty as such to obtain "purchase orders for sales to be made by the defendant." He alleges that he did obtain purchase orders from a list of customers set out in the petition with the amount of each order. They total $169,-089.34. He alleges that the reasonable value of his services in obtaining these "sales orders" was 5% of the total, or $8,454.46. He credits the defendant with the sum of $2,000.00 paid to him and prays judgment for the balance of $6,454.46.

The evidence was that the plaintiff had been in the machine tool business for some time. In 1948 he was employed by the defendant company and worked for them for about two years. He then quit to organize the Cavic Engineering Company which did about the same type of work as the Missouri Research Laboratories. In 1959 he sold his company and he testified that in November of that year he called upon a Mr. Larry Ritshart who was then president of the defendant corporation, Missouri Research Laboratories.

He testified that he and Ritshart met and discussed the matter of going to work for the Missouri Research Laboratories again. He testified about an agreement they reached. It should be noted that at the time of the trial of the case Ritshart was dead but for some reason, not apparent of record, no objection was made on the ground that the testimony violated the "dead man's statute," Sec. 491.010, RSMo. 1949, V.A.M.S.

He testified that it was agreed that he was to receive 5% commission on all orders he obtained. Against this commission he was to be paid $500.00 a month as a drawing account and another $200.00 per month as a consultant's fee. During this time the plaintiff was also employed as a manufacturer's agent by two other companies manufacturing machine tools.

He worked for the defendant company from February 8, 1960 to July 22, 1960. He testified that he procured orders on eighteen

accounts listed in his petition and that the orders have a total value of $169,089.34. He said that the total commission due on these orders was $8,454.46 against which he credited $2,000.00 paid him on his drawing account by the defendant corporation.

Plaintiff testified, as did an expert witness which he called, that the customary charge for sales, such as those made, was not paid upon the orders obtained but on actual delivery and payment for the goods sold and that where a contract or sale was cancelled in all or in part the salesman received no commission on the part cancelled. He said that he was working as a sales agent for other companies during his employment by the defendant and his commission for sales paid by them was 5% on goods billed and paid for.

It was admitted by the defendant that the plaintiff was entitled to a commission on some of the accounts listed and the total amount of sales made to these customers amounted to $15,455.27. Of the nine remaining accounts there were five of them totaling orders of $9,465.80 which the plaintiff by his own admission did not procure. Another of the remaining accounts was the account of Magnavox Company. On this account plaintiff claimed commission of 5% on $100,333.28. One of the orders in the sum of $28,560.00 that went to make up the total was received by the defendant company on February 17, 1960. The plaintiff admitted that he had nothing to do with obtaining that order. He was permitted to testify over the objections of the defendant that he was entitled to the commission on all of these orders by reason of his verbal agreement with Ritshart which gave him commissions on any orders obtained in the territory where the Magnavox plant was located.

The defendant contends that the plaintiff was entitled only to 5% on orders sold, delivered, and paid for. According to defendant's evidence and supported by plaintiff's admissions the plaintiff rendered no service on $43,985.80 of the orders upon which he claims commissions. The evidence further shows that on those orders obtained by the plaintiff some orders were reduced which actually made the sales by the defendant company $30,936.46 less than the original order.

The first contention raised by the appellant corporation is that it was entitled to a directed verdict. This conclusion is reached by adopting the premise that the plaintiff is entitled to a commission only on sales made and concluded, basing the percentage on the purchase price of the goods actually delivered. It is next contended that for the orders actually obtained by the plaintiff resulting in completed sales the defendant has been fully paid.

The plaintiff conversely asserts that the value of his services is based upon the contract which he said that he had with the deceased president of the defendant corporation. He asserts that he is entitled to the 5% on all the listed accounts whether he obtained the order or not and without regard to any cancellation or change in the amount of the order.

■ We consider first appellant's contention that the reasonable value of the services was the commission on the actual sales made of goods delivered. As stated this is an action on quantum meruit. This theory rests upon the principle that no one ought to enrich himself unjustly at the expense of another. The burden of the plaintiff who relies upon it is to prove the reasonable value of the services he rendered. Knoch v. Frye, Mo.App., 363 S.W.2d 737; Beckemeier v. Baessler, Mo., 270 S.W.2d 782; Fitzgerald v. Schaefer, Mo.App., 216 S.W.2d 939.

■ Respondent contends that the contract about which he testified at some length, and with added variations from time to time, was prima facie evidence of the reasonable value of his services. It is true that a contract of employment is prima facie evidence of the reasonable value of the services rendered under it, Oliver L.

Taetz, Inc. v. Groff, 363 Mo. 825, 253 S.W. 2d 824. However, it is also true that prima facie evidence is not conclusive evidence. As we stated in City of Jackson ex rel. Hoffmeister v. LaChance, Mo.App., 372 S.W.2d 479, l. c. 482: "The words 'prima facie evidence' of course only means such evidence which is in law sufficient to establish the fact, and if not rebutted it remains sufficient to support a judgment upon the fact so established. * * *" Brotherhood of Stationary Engineers v. City of St. Louis, Mo.App., 212 S.W.2d 454, l. c. 459.

■ The reasonable value of services as that term is employed in actions in quantum meruit is " * * * the price usually and customarily paid for such services or like services at the time and in the locality where the services were rendered. * * *" Baker v. Brown's Estate, 365 Mo. 1159, 294 S.W.2d 22, l. c. 27. By his own testimony the plaintiff fixed the reasonable value of the services when he stated that he and other salesmen in his line of sales customarily were paid 5% on the sales made and consummated. At that point anything in the contract to the contrary lost its evidentiary worth as to the value of the services. To hold otherwise would permit one to sue on quantum meruit and recover on an unpleaded contract. This he cannot do. Kansas City Structural Steel Co. v. Athletic Bldg. Ass'n, 297 Mo. 615, 249 S.W. 922; Hunt v. Riggins, Mo.App., 341 S.W.2d 136. We conclude therefore that the plaintiff was entitled to commission only on completed sales that he procured.

■ The second contention upon which appellant claims he was entitled to a directed verdict is that the plaintiff has been actually overpaid. This conclusion is reached by excluding from consideration $62,250 in sales to Magnavox Company on the theory that there was no testimony of service by the plaintiff in connection with those sales. With this we cannot agree as there was some testimony by the plaintiff of contact made with the Magnavox Company from which the jury could conclude that the efforts of the plaintiff were the procuring cause of those particular sales. The plaintiff would consequently be entitled to a commission upon those sales subject to any credit for payments made to him and properly chargeable against such commissions. Therefore the court did not err in refusing to direct a verdict for the defendant.

■ It is further contended that the court erred in giving a verdict directing instruction at the request of the plaintiff, designated as Instruction No. 2, which is as follows:

" 'Your verdict must be for the Plaintiff if you believe:

1. Plaintiff was employed by defendant to perform services as a sales representative on behalf of defendant, and

2. That plaintiff was to be paid on the basis of the gross amount of purchase orders obtained for the defendant by the Plaintiff, and

3. Plaintiff has not been fully compensated by defendant for the reasonable value of services performed by Plaintiff as a sales representative on behalf of defendant.' "

The Instruction is obviously erroneous as the second paragraph can only be construed to refer to the contractual agreement. As we stated above one may not sue in quantum meruit and recover on an unpleaded contract. Kansas City Structural Steel Co. v. Athletic Bldg. Ass'n, supra; Hunt v. Riggins, supra.

Throughout the trial the court erroneously treated the action as one on contract and the error in so doing was carried forward into the Instruction.

Other matters complained of need not be passed upon as the case must be retried in a manner consistent with views herein expressed. The judgment is reversed and cause remanded for a new trial.

ANDERSON, P. J., and RUDDY, J. concur.