**Ronald E. ISAAC, Jr., Appellant,**

v.

**William H. KOENIG, Respondent.**

No. 24989.

Kansas City Court of Appeals.

Missouri.

Oct. 6, 1969.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 1, 1969.

Cottingham, Freeman & Williamson, by J. D. Williamson, Jr., Independence, for appellant.

Robert J. Taylor, Joseph H. Moore, Kansas City, for respondent.

HARRY A. HALL, Special Judge.

Plaintiff Ronald E. Isaac, Jr., brought this action to enforce a mechanic's lien for labor and materials in the sum of $8,046.64 against William H. Koenig, the general contractor, J. Kenneth and Ruth A. Marr, the owners, John P. Turner, trustee, and Blue Valley Savings and Loan Association, the holder of a deed of trust on the Warrensburg Nursing Center, the real estate involved herein. He alleged that Koenig had wrongfully prevented him from completing his subcontract for the masonry work and elected to sue in quantum meruit for the reasonable value thereof.

Defendant Koenig filed a counterclaim for $7,971.15, seeking damages for the failure of plaintiff to complete the construction under his subcontract with Koenig.

The trial court found in favor of the defendants on plaintiff's claim that he was prevented from completing his contract, but did find that defendants had used some material and equipment that plaintiff had left on the job and gave plaintiff a judgment and lien for $318.75 to reimburse him for these items. The court awarded defendant Koenig a judgment against plaintiff in the sum of $373.93 on his counterclaim for damages for plaintiff's failure to complete the job under his contract. Plaintiff has appealed from the court's ruling.

On this appeal we must review the case upon the law and the evidence, giving due deference to the findings of the trial court which heard and observed the witnesses, and the judgment should not be set

aside unless it is clearly erroneous. Pope v. Cox, Mo., 417 S.W.2d 929; Oppenheimer v. Burns, Mo.App., 375 S.W.2d 204. Civil Rule 73.01(d) V.A.M.R., provides: "The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

It is agreed that J. Kenneth and Ruth A. Marr employed William H. Koenig as general contractor to construct the Warrensburg Nursing Center on their property in Warrensburg, which they financed with a loan from the Blue Valley Federal Savings and Loan Association. On July 27, 1964, plaintiff entered into a subcontract with William Koenig, the general contractor, to do specified masonry construction work for the sum of $55,000.00. The contract was amended twice, in writing, to include additional work, the first being in December, 1964, adding an elevator shaft and piers for $2,015.00, and the second in May, 1965, for additional basement entrances for $2,341.00, increasing the contract price to $59,356.00.

■ Plaintiff began the construction September 1, 1964, with a completion date of March 1, 1965, and he left the job in July, 1965, alleging he was unable to continue his work until other craftsmen had finished their part of the construction, and that he had an agreement with Erickson, defendant's foreman, that he would return on call and complete his contract when the other crafts had finished. He testified that defendants did not notify him when to return but employed other persons to complete the masonry work and thereby prevented him from completing his contract. He brought this action to recover the reasonable value of the labor and materials furnished by him and thereby waived his right to sue on the contract. This is permitted under the law where performance under a contract is prevented by the adverse party. Rodgers v. Levy, Mo.App., 199 S.W.2d 79; Fuhler v. Gohman & Levine Construction Co., 346 Mo. 588, 142 S.

W.2d 482; Ott v. Moore, Mo.App., 20 S. W.2d 166; Kansas City Structural Steel Co. v. Athletic Bldg. Ass'n, 297 Mo. 615, 249 S.W. 922.

■ Plaintiff testified he telephoned Erickson twice after he left the job and was told that he "didn't have anything ready to go." He admitted receiving a letter from Koenig asking him to "get on the job", but stated he did not return because he had sent two men the week before to clean down the walls, and Erickson refused to let them use water to clean the walls as it would run down on the floors. Plaintiff filed an account (Exhibit D) of his labor and materials totaling $63,547.53, which itemized labor at $41,195.97, materials $18,309.02, and profit $4,042.54. Our courts have held that profit is not recoverable in an action for the reasonable value of labor and materials under quantum meruit. This would reduce his account to $59,504.99. See Rodgers v. Levy, supra; Bradley Heating Co. v. Thomas M. Sayman Realty & Investment Co., Mo., 201 S. W. 864.

Plaintiff credited the account with the monthly payments he received from Koenig, totaling $54,000.86. This included the July 21st payment of $4,000.00, which Koenig testified paid him in full for all labor and materials to date, and at that time plaintiff made no complaint and did not advise him that he was going to leave the job.

■ Plaintiff also gave an additional credit of $1,500.00 as his estimate of the cost to Koenig for completing the masonry work after plaintiff left. If plaintiff was wrongfully prevented from completing his contract, he would be entitled to all of his reasonable costs and expenses without any deduction.

Leonard Dutzel, who was plaintiff's foreman for ten months on this job and went with him on the Independence job when plaintiff left, testified that they pulled the men from this job because their

work was held up by the electricians and carpenters.

Elmer Steiner, a bricklayer originally employed by the plaintiff, testified that plaintiff told him when he left that he was going to pull off the job; that he had an apartment job in Independence, and had asked the men to go with him. Steiner did not want to leave Warrensburg, and after plaintiff left, he and a helper were employed by Erickson to finish the masonry work. He worked continuously (with the exception of 40 hours of other work for Erickson) until it was completed in November, and he used the cement blocks which plaintiff left on the job, and the mixer, wheelbarrows, mortar boards and scaffolding belonging to plaintiff for about a month until plaintiff removed them.

Defendant William H. Koenig testified he made the contract with plaintiff for the masonry work and that all changes were directed by the architect. He did not learn that plaintiff left the job until after he had gone. There was no necessity for his leaving the job, as there was masonry work available for him to do. At that time he had paid plaintiff in full for all labor and material on plaintiff's monthly estimates. After plaintiff left, he and Erickson called plaintiff's home but could not get him, and he wrote a letter to plaintiff asking him to get on the job but did not hear from him. Koenig testified that he completed the job and the actual cost of doing the masonry work after plaintiff left was $6,718.00, or some $373.93 more than if plaintiff had completed the work under his contract. He tried to locate Erickson, who was no longer in his employ, and was advised that he was in Hawaii.

Edward E. Novak, the architect-engineer, supervised the construction work, including all changes which had been approved by the owners. In July, 1965, he was trying to speed up the work and called plaintiff to get some men on the job. Plaintiff complained about the extra work but did not tell him he was leaving the job or give any reason for leaving. There was plenty of work for plaintiff to do when he left. After plaintiff left, defendant Koenig used 275 of the cement blocks purchased by plaintiff of a value of $68.75, and some of his equipment, the reasonable rental of which would be $250.00 per month, making a total of $318.75.

The record shows there were other changes or extras as follows: additional walls for a dental office ($252.00), a beauty shop ($275.00), the lanai ($221.00), patching an elevator door ($85.00), and the walls in building #4 ($250.00), totaling $1,083.00. Both plaintiff and defendant Koenig claimed credit for these items.

In reviewing the evidence we find there was a substantial amount of masonry work remaining to be done at the time plaintiff left the job. Elmer Steiner, plaintiff's former employee, worked steadily for some four months, along with the other craftsmen, until the building was completed. He undoubtedly could have done the same had plaintiff continued his employment. Whether plaintiff left the job temporarily, until other craftsmen completed their work, or because there were too many "extras" added to his contract, or because he had another building project were contested issues. In this situation the trial court which heard and observed the witnesses is in a much better position to judge of their credibility and the weight and value to be given to their testimony.

We find the ruling of the learned trial judge is fully supported by the evidence and we concur in the decision of that court.

Defendant Koenig's motion to strike plaintiff's request for a mechanic's lien, and his motion to dismiss plaintiff's appeal are overruled.

The judgment of the trial court is affirmed.

HOWARD, P. J., and CROSS, J., concur.

SHANGLER, J., not participating.