Edward T. WRIGHT,
Plaintiff-Respondent,

v.

Charlotte M. WRIGHT,
Defendant-Appellant.

No. 36743.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 29, 1976.

Ziercher, Hocker, Tzinberg, Human & Michenfelder, Robert C. Jones, Clayton, for appellant.

Paul Fitzsimmons, Clayton, Edward T. Wright, Sr., Edward T. Wright, Jr., St. Louis, for respondent.

RENDLEN, Judge.

Defendant appeals from the judgment awarding plaintiff $50,000 in fees for services rendered as her attorney plus interest in the amount of $6,000.

Plaintiff had served as defendant's attorney during 1972 in an action for divorce filed by defendant's husband.[1] In that suit an agreement for division of property was reached and stipulation settlement executed October 3, 1972. A decree of divorce was entered that date. By that settlement defendant received property and cash totaling $500,000. Earlier plaintiff and defendant had orally agreed to an attorney's fee of $50,000 but defendant, acting on advice of her son, refused to pay and terminated plaintiff's employment as her attorney.

The case at bar was brought in two counts, the first in contract and the second in quantum meruit. At trial plaintiff testified the claimed fee was justified in light of his twenty-six years' professional experience, expertise in economics, the sums involved and the difficulty of the case.

---

1. Defendant was the spouse of Charles Wright who is the brother of Edward Wright, plaintiff in the case at bar.

Plaintiff further testified that time spent is not the best basis for determining charges in domestic relations matters and though he had not kept time records in this case, by reconstructing an account from the files he estimated 435 hours were devoted to the case. These hours included negotiations with defendant's husband and meetings with defendant and her husband's parents, first seeking reconciliation and later working toward a property settlement adequate for his client's needs. When he accepted defendant as a client, plaintiff had been general counsel to his brother's company, a position which he resigned to represent defendant, losing thereby annual fees of approximately $1,000 during the next five or six years. Expert witnesses testified that the agreed fee was reasonable and $100 per hour a reasonable hourly charge for an attorney of plaintiff's experience.

Defendant admitted the services were rendered and that she owed plaintiff a reasonable fee. Further that when she agreed to the $50,000 fee she believed it reasonable and only later when advised by her son and friends did she regard it excessive. Her husband's attorney in the divorce proceeding, testifying on defendant's behalf, stated he charged $35 per hour and his total bill to defendant's husband was $1,500.10. Defendant's expert witness testified the reasonable charge for domestic relations cases in 1972 was $50 per hour. At the close of the evidence plaintiff dismissed Count I, proceeding only on Count II for the reasonable value of services rendered.

From the evidence it appears the jury's verdict was indeed generous; however, as defendant has not challenged the sufficiency of the evidence to support the verdict, we do not review that issue.

Defendant's assignments of error relate to objections sustained during defense counsel's closing argument. At the outset we are mindful the "trial court has wide discretion in the field of argument and in the absence of clear abuse of its discretion an appellate court is reluctant to find error." *Best v. Fred Weber Const. Co.*, 525 S.W.2d 102, 107[9] (Mo.App.1975); *Beesley v. Howe*, 478 S.W.2d 649, 652–3[4] (Mo.1972); *S. G. Payne & Co. v. Nowak*, 465 S.W.2d 17, 20[6] (Mo.App.1971).

■ Defendant first contends the trial court erred restricting defendant's argument that matters relating to the contract for respondent's fees were no longer in the case.[2] This contention is without merit. It has long been the rule in Missouri that:

> [W]here, . . . an express contract has been fully performed on plaintiff's part, and nothing remains to be done under it but the payment of money by defendant, which is nothing more than the law would imply, plaintiff may declare specially on the contract, or generally in indebitatus assumpsit as for the quantum meruit, at his election. The plaintiff does not repudiate the contract nor seek to avoid it in indebitatus assumpsit as for the quantum meruit, but offers the contract in evidence and his proof of compliance with it to sustain his case. *The agreed price, if there is an agreed price*, becomes prima facie evidence of the reasonable value of the service. But plaintiff may not recover more than the agreed price. (Emphasis added.)

*Julian v. Kiefer*, 382 S.W.2d 723, 727–8[4, 5] (Mo.App.1964); *State ex rel. Francesconi v. Aetna Casualty & Surety Co.*, 350 S.W.2d 418, 423[7] (Mo.App.1961). The jury was

2. The disputed portion of argument and the court's ruling were as follows:

> I am forced to say Mr. Wright didn't quite play fair with you in his closing argument. He stood here and said, we have abandoned the argument Charlotte Wright promised to pay me $50,000. I have decided to go on Count II, wherein Judge Campbell said to you, if you find the issues in favor of the Plaintiff, then, you must award Plaintiff that is Mr. Wright—the reasonable value of the legal services furnished, with interest, from October 3, 1972. And then, Mr. Wright went into a long recitation of what Charlotte Wright said and what she did, about how she agreed to pay him $50,000. *This is not in the lawsuit any more.* (Emphasis added.)
> Mr. Wright: That is improper argument.
> Mr. Jones: He brought it up, Your Honor.
> The Court: I will sustain the objection to the form of the argument.

entitled to consider the contract price as evidence, though not conclusive on the issue of the reasonable value of the services rendered. *See Cavic v. Missouri Research Laboratories, Inc.*, 416 S.W.2d 6, 9[3] (Mo.App. 1967). Appellant's closing argument was a misstatement of the law constituting a misdirection of the jury and plaintiff's objection was properly sustained.

Defendant next contends the court erroneously sustained plaintiff's objection to defendant's statement in final argument that "Ed Wright had a contingent fee of what, 10% and that violated the canon of ethics —" Defendant argues that if the jury is entitled to consider the contract as evidence in assessing the value of the services rendered, they should also be permitted to consider whether it was ethical for the plaintiff to procure such a contract.

There was no direct evidence showing the employment agreement was a contingent fee contract. On the contrary, the evidence showed plaintiff insisting upon and defendant agreeing to a fixed fee of $50,000. Defendant points to the definition of contingent fee in Black's Law Dictionary as ". . . a fee stipulated to be paid to an attorney for his services in conducting a suit or other forensic proceeding *only in case he wins it*," (emphasis added) as the basis for asserting that the fee contract in this case was a contingent fee. However, both respondent and appellant testified that there was no stipulation that a fee would be paid only if a successful result were obtained. Since the $50,000 fee equals 10% of the $500,000 property settlement, the jury might infer that this was more than coincidence and such an inference would be arguable. *S. G. Payne & Co. v. Nowak, supra* at 20[5]. However, appellant's argument spoke not of inference but stated as though it were established fact that the agreement was a contingent fee contract. The trial court may in the exercise of its discretion, as it did here, limit such argument. It should be noted that the court did not foreclose all argument in this area but rather sustained defendant's objection to the specific statement shown. In light of the evidence and the limited scope of the trial court's ruling, we cannot say the court abused its discretion. The judgment is affirmed.

WEIER, P. J., and McMILLIAN, J., concur.