**ST. CHARLES FLOOR COMPANY,**
**Plaintiff,**

**v.**

**Jack HOELZER, Defendant-Respondent,**

**Roy R. Thoele, Defendant-Appellant.**

**No. 37536.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

May 2, 1978.

Rollin J. Moerschel, Niedner, Moerschel, Ahlheim & Bodeux, St. Charles, for appellant.

Julius H. Berg, St. Louis, for St. Charles Floor Co.

James L. Thomas, Henderson, Heagney & Thomas, St. Louis, for Jack Hoelzer.

KELLY, Judge.

In this appeal from a judgment of the Circuit Court of St. Louis County on a cross-claim to recover sums allegedly due for construction work completed by the respondent, Jack Hoelzer, for the appellant, Roy Thoele, the decisive issue is whether there is sufficient evidence to support the judgment of the trial court. For reasons we shall hereinafter state the judgment must be reversed and the cause remanded to the trial court for a new trial.

In the trial court the appellant, Roy Thoele, was a third-party defendant and the respondent, Jack Hoelzer, the third-party plaintiff. Hereinafter the respective parties shall be referred to by their surnames.

Hoelzer's cross-claim was in two counts. In Count I he claimed $1,897.47, as the reasonable value of labor and materials supplied as "extras" in construction of a project known as the St. Peters project. After St. Charles Floor Co. settled its claim against him, the amount sought was re-

duced to $668.00.[1] The "extras" for which payment was demanded was work allegedly authorized by Thoele but not included in the construction contract for this project. Hoelzer pleaded this Count on alternative theories of express contract and quantum meruit.

In Count II, Hoelzer claimed Thoele owed him $7,317.42 for labor and material supplied Thoele in a construction project known as the Highway 94 project. This project proceeded without a written contract and therefore Hoelzer pleaded this cause of action in quantum meruit. Hoelzer claimed the reasonable value of labor and materials was $69,748.00 and that Thoele had paid him only $62,430.58.

Thoele filed an answer which constituted a general denial of the allegations of each Count of Hoelzer's cross-claim. On September 24, 1974, the cause came on for trial before the court without a jury and on October 17, 1975, judgment was entered in favor of Hoelzer and against Thoele on Count I of the cross-claim in the sum of $668.00 and on Count II thereof in the sum of $7,317.42. Notice of appeal was filed on October 23, 1975.

The evidence at trial on Count I was that on July 1, 1971, Hoelzer and Thoele entered into a contract for the construction of the St. Peters building at a contract price of $89,270.82. As construction progressed Thoele directed Hoelzer to undertake additional work on the project which was not originally contemplated by the parties. Neither Hoelzer nor Thoele dispute the nature of these "extras," which were (1) improvements and redesign of a dentist's office, (2) a door, extra plumbing and a floor drain trough for a dairy store, and (3) additional glass for the laundromat.

Hoelzer claimed the cost of these "extras" was $11,611.78; that he was paid $99,215.76 on the whole job and had applied $89,270.82 towards the original contract, but that $668.47 remained due him.

The evidence on Count II was that in August, 1971, the parties discussed the construction of an addition to Thoele's existing building on Highway 94 in St. Charles County, Missouri. Hoelzer submitted two proposals for this work. In one the estimated cost of the work was $60,672.00 and in the other $62,432.00. Hoelzer claims that both contracts were figured on the basis of a 6500 sq. ft. building. Neither of these contracts was ever signed. Subsequently, Thoele submitted plans to Hoelzer for construction of a 7500 sq. foot building and it was this building which was eventually constructed. Thoele claimed that the unsigned contract quoting a construction price of $62,432.00 was based on the construction of a 6500 sq. ft. building and therefore Hoelzer's final bill for $69,748.00 was unreasonable. Thoele had paid Hoelzer $62,438.58 and claimed that the additional sums sought by Hoelzer are excessive, unreasonable and unsupported by any documentary evidence.

On appeal, Thoele contends that the respondent failed to prove that the charges claimed in Count I of the cross-claim for the "extras" were fair and reasonable. We agree.

█ Whether Hoelzer's theory of recovery be on express contract or quantum meruit, because what he sought payment for were "extras," he is entitled only to recover for the "reasonable value" thereof. *Julian v. Kiefer*, 382 S.W.2d 723, 730[15] (Mo.App. 1964); *Williams v. Cass*, 372 S.W.2d 156, 161[11] (Mo.App.1963); *Knoch v. Frye*, 363 S.W.2d 737, 741[4] (Mo.App.1962).

█ Hoelzer's evidence in support of this Count of his petition consisted of a letter itemizing the work done, the respective charges, a contract detailing the work done in the dentist's office, and his own testimony describing briefly the work required for the other "extras." No evidence or testimony was adduced to prove the reasonable value of these "extras." It is not enough to prove only that the work was

1. This suit was originally filed by the St. Charles Floor Company against the parties to this appeal. Prior to trial, St. Charles Floor Company's claim was disposed of by settlement.

done, how many hours of labor were involved, or what material was furnished; plaintiff must also prove that his expenditures for labor and material were the reasonable value thereof. *Rodgers v. Levy,* 199 S.W.2d 79, 82[5] (Mo.App.1947). Nor may the trial court take judicial notice of the reasonable value of construction work. *Williams v. Cass,* supra, l.c. 161. Hoelzer did not testify that the charges were reasonable to support his claim nor did he produce documented receipts or expert testimony to prove that essential element of his case. Failure to prove the reasonable value of the services rendered or the materials furnished is fatal to Hoelzer's recovery and therefore the judgment of the trial court on Count I of his petition must be reversed.

Thoele levels the same charges against Count II of Hoelzer's cross-claim that he levelled against Count I. He contends that neither Hoelzer's testimony nor the documentary evidence proved that his charge in the amount of $69,748.00 was reasonable and fair. He specifically challenges the judgment which includes specific cost items included on an accounting sheet introduced by Hoelzer. This exhibit was an itemized list of all of the charges making up Hoelzer's final bill, together with cancelled checks for all of those items which had been paid for by checks.

Included in Hoelzer's bill was a 2% charge for overhead and an 8% contractor's profit charge amounting to $1,229.49 and $5,016.34 respectively. Hoelzer testified that the parties had agreed to the 8% + 2% profit. Thoele admitted such a charge would be reasonable in a construction contract, but denied that he had agreed to it, and he objected to the introduction of this evidence on the grounds that it was beyond the scope of a claim in quantum meruit because it was not an item includable as reasonable value of services or material furnished. His objection was overruled.

■ The law is well established in this State that profit, which is not shown to be a charge for supervision or personal services, may not be recovered in quantum meruit.

*Isaac v. Koenig,* 447 S.W.2d 818, 820[3] (Mo. App.1969); *Bogert Construction Company v. Lakebrink,* 404 S.W.2d 779, 783 (Mo.App. 1966); *Rodgers v. Levy,* supra, l.c. 82[9]. Whether Thoele agreed to this charge as profit is immaterial in a suit brought on the quantum meruit theory as Count II of Hoelzer's cross-claim was.

Hoelzer listed the 8% assessment as "profit," but on his direct examination he did not testify concerning the basis for this "profit." On cross-examination, however, he was questioned about assessing profit on a bill from Schmidt Brick and Block which he did not pay himself but which was paid for by a voucher from Thoele. When asked why he charged profit on this item for which he had no out of pocket expenses, Hoelzer answered that the charge for profit was made because both he and Thoele procured the estimate and he supervised some of the work. Hoelzer did not, however, testify as to the basis for charging a profit on any other item contained in his account.

■ While Hoelzer's charge for profit on the Schmidt Brick and Block transaction came in, there is no evidence sufficient to support an inference that profit charged on other items of the account were of the same stature. Hoelzer charged $2.50 per hour more for his own labor than he did for his other workers, and although he testified that his higher rate was for various services which he generalized as "supervising the job," the record shows that he charged for profit on all of the labor costs. In view of Hoelzer's testimony that the $2.50 additional charge for his labor was for supervisory services, it is difficult for us to comprehend how the 8% profit charge on the entire labor charges can be a charge for personal services or supervision. Any finding supporting this claim for profit is not supported by substantial evidence.

Thoele also challenges the reasonableness of the labor charges amounting to more than $6,500.00 for 573 hours of work. Hoelzer hired two carpenters at a rate of pay of $7.50 per hour and another carpenter at $8.00 per hour. He testified as to work they performed, including extra work re-

quired on the 7500 sq. ft. building. However, there was no evidence introduced as to the reasonableness of these hourly rates, whereas, there was evidence in the record which questions the reasonableness and validity of these charges.

■ Hoelzer admitted that he did not keep the time records of these carpenters; they kept their own. No time records were introduced into evidence by Hoelzer to substantiate his claim on this charge. He also testified that he paid one of the carpenters $8.00 per hour because the Union requires an additional $0.50 per hour be paid a foreman when two or more carpenters are present on the job. On cross-examination he admitted that he paid the extra $0.50 per hour to this carpenter when the man worked alone, and he explained this by testifying: "I paid him what I thought he was worth." There was no testimony that Hoelzer's appraisal of this man's "worth" was reasonable. From our perusal of the accounting sheet and the amounts actually paid on the corresponding checks we discern that the amounts charged for labor are not the same; almost all of the checks paid to Hoelzer's carpenters are for a lesser amount than that listed on the accounting sheet. On the basis of this record we find no substantial evidence to support the recovery for any labor charges because there is not a scintilla of evidence to show that the charges for same were reasonable.

For the reasons aforesaid, we hold that Hoelzer failed to introduce requisite proof of the reasonable value of the charges discussed herein. This failure is fatal. Furthermore, Hoelzer cannot be permitted to recover profit which is not shown to be a charge for personal services or supervision. For this reason the judgment must be reversed. However, the cause shall be remanded for a new trial of Hoelzer's cross-claim where he may be able to produce the evidence necessary to prove his case on those charges we have found to be unsupported by substantial evidence.

Judgment reversed and remanded for a new trial on Hoelzer's cross-claim.

GUNN, P. J., and WEIER, J., concur.